**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**CHINETIA BROWN and DEBORAH
GANT, as CO-PERSONAL
REPRESENTATIVES for the
ESTATE OF BARBARA CALHOUN,
and for the ESTATE OF NATHANIEL
CALHOUN, SR.,**

        **Plaintiffs,**

v.                                                      **Case No. 3:12cv546/MCR/CJK**

**FORD MOTOR COMPANY,
et al.,**

        **Defendants**.
_____/

## ORDER

Pending before the court is Plaintiffs' Motion to Remand (doc. 9) pursuant to 28 U.S.C. § 1447(c), arguing that there is not complete diversity to invoke this court's jurisdiction. Defendant opposes the motion, arguing that Plaintiffs have fraudulently joined a non-diverse defendant (doc. 13). Having fully considered the matter and the parties' arguments, the court finds that the motion is due to be granted.

**Background**

Plaintiffs filed suit in the Circuit Court in and for Escambia County, Florida, against Ford Motor Company ("Ford"), Sears, Roebuck and Co. ("Sears"), and Bengi Adams ("Adams") related to a single vehicle crash that occurred in Montgomery County, Mississippi, involving a truck that allegedly had been serviced at Sears prior to the crash and resulting in the deaths of Nathaniel and Barbara Calhoun. Plaintiffs assert counts of negligence and strict liability against Ford and negligence against Sears and Adams, who

was a Sears employee, and claim resulting damages. Adams is named with Sears in a count alleging negligent hiring, training, and retention. Ford timely removed the case to this court based on diversity jurisdiction. Plaintiffs moved to remand, alleging diversity is not established because Adams is a Florida resident.[1] Defendants oppose remand, challenging whether Adams was improperly joined to defeat jurisdiction.

**Discussion**

In the diversity context, federal courts have jurisdiction when the plaintiffs are completely diverse from the defendants and the amount-in-controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). A case filed in state court may be removed to federal court if diversity jurisdiction exists. *See* 28 U.S.C. § 1441(a),(b). If a party "properly joined and served as a defendant is a citizen of the State in which the action is brought," the case may not be removed. 28 U.S.C. § 1441(b)(2). There is no dispute that Adams is a Florida resident.

Ordinarily, to establish fraudulent joinder, a removing party must show "by clear and convincing evidence" that there is "no possibility" of the plaintiff stating a cause of action against the non-diverse defendant or that the plaintiff fraudulently alleged jurisdictional facts to keep the case in state court. *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). The removing party bears "the heavy burden" of proving fraudulent joinder, and the federal court evaluates the factual allegations in the light most favorable to the plaintiff; the court must not weigh the merits of a claim "beyond determining whether it is an arguable one under state law." *Id.* The Eleventh Circuit has said that "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Id.* at 1333.

Here, Adams was the manager at the Sears store where allegedly negligent work was performed on the Calhoun's vehicle. It is alleged in the complaint that he negligently hired employees whom he knew had no prior mechanical experience and who were not

---

[1] Plaintiffs do not dispute that the jurisdictional amount in controversy is met.

Case No. 3:12cv546/MCR/CJK

properly trained at the time the vehicle was serviced. Defendants argue that no claim can be stated against Adams for failure to train, hire, or supervise because he is not an employer. Although Adams may have a defense that he followed company policies in these matters, the court cannot conclude as a matter of law on the basis of the pleading that there is no possibility of the plaintiffs stating a cause of action for negligence against him. *See Vesta Const. & Design, LLC v. Lotspeich & Assocs., Inc.*, 974 So. 2d 1176, 1180 (Fla. 5th DCA 2008) (stating, "'officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment'" (quoting *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005)); *see also Estate of Hendrix, ex rel. v. Provident Group Citrus Health and Rehab. Ctr.*, No. 5:05cv494, 2006 WL 5159187, at *5 (M.D. Fla. 2006) (adopting a report and recommendation, concluding plaintiff pleaded the possibility of a claim under Florida law by alleging that the nondiverse defendant had negligently hired or supervised staff). Defendants assert that the *Hendrix* case is distinguishable because it was decided within the context of a well-defined statutory framework governing nursing homes. Nonetheless, the court finds that the basic negligence principle articulated, that is, that a supervisor may be personally liable for his own participation and negligence even in performing acts that are within the scope of his employment, is applicable. Here, the plaintiffs have alleged that Adams was directly responsible for hiring employees he knew were not qualified and that he was directly responsible for their lack of training. This is sufficient to state the possibility of a claim under Florida law.

Accordingly, the plaintiffs' motion to remand (doc. 9) is GRANTED. The Clerk is directed to remand the case to the state court and close the file.

**DONE AND ORDERED** this 20th day of February, 2013.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

Case No. 3:12cv546/MCR/CJK